O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BAILEY,<br><br>               Plaintiff,<br>    v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>               Defendant. | Case No. EDCV 09-1452-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the lay witness statement;
2. Whether the ALJ properly considered the consultative examiner's opinion;
3. Whether the ALJ properly considered the Plaintiff's residual functional capacity ("RFC");
4. Whether the ALJ properly considered the treating clinician's opinion; and
5. Whether the ALJ posed a complete hypothetical.

(JS at 2.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the

Commissioner's decision must be upheld. <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## DISCUSSION

**A.    The ALJ's Findings.**

      The ALJ found that Plaintiff had the severe impairments of pancreatitis, secondary to alcohol abuse; depressive disorder, secondary to alcohol abuse; musculoskeletal impairments involving the lumbar and cervical spine; and hypertension. (Administrative Record ("AR") at 10.) He found Plaintiff had the RFC to perform light work, except for work requiring greater than occasional postural activities and no work requiring the use of ladders, ropes, or scaffolds; work around dangerous unguarded moving machinery; and work at unprotected heights. (<u>Id.</u> at 11.) Plaintiff could also perform light work limited to object orientation and requiring "no intense interpersonal contact with others." (<u>Id.</u>) The ALJ concluded Plaintiff could not perform his past relevant work as a carpet cleaner but that there were jobs in significant number in the national economy he could perform, such as garment sorter, bench assembler, and mail clerk. Thus, the ALJ found Plaintiff was not disabled. (<u>Id.</u> at 14, 15.)

**B.    Lay Witness Testimony.**

      Helen Fisher, identified as Plaintiff's friend, reported in a third-party function report that Plaintiff cannot do any household chores, forgets to take medications, and suffers from depression. (<u>Id.</u> at 162-68.) In addition, in response to the question "Describe any changes in social activities since the illnesses, injuries began," Ms. Fisher reported that Plaintiff "[s]tays home all the time. . . . stays in room for days and in same depressed mood." (<u>Id.</u> at 168.) In addition, Ms. Fisher reported that Plaintiff's illness, injuries, and disabling conditions affect his ability to lift, stand, reach, walk, climb stairs, remember things, concentrate, complete tasks, use hands, and understand. (<u>Id.</u> at 162-68.) Plaintiff contends it

1   was error for the ALJ to ignore this statement without explanation. (JS at 3.)

2   Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to
3   medical evidence, the Commissioner "may also use evidence from other sources to
4   show the severity of [an individual's] impairment(s) and how it affects [his] ability
5   to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends
6   and family members in a position to observe a claimant's symptoms and daily
7   activities have routinely been treated as competent evidence." Sprague v. Bowen,
8   812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing
9   testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir.
10  1996)), as well as to unsworn statements and letters of friends and relatives. See
11  Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000). If
12  the ALJ chooses to reject such evidence from "other sources," he may not do so
13  without comment. Nguyen, 100 F.3d at 1467. The ALJ must provide "reasons that
14  are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

15  The ALJ's failure to address lay witness testimony generally is not harmless.
16  Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991). In failing to address a lay
17  witness statement, the error is harmless only if "a reviewing court . . . can
18  confidently conclude that no reasonable ALJ, when fully crediting the testimony,
19  could have reached a different disability determination." Stout v. Comm'r, Soc.
20  Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006); see also Robbins v. Soc. Sec.
21  Admin., 466 F.3d 880, 885 (9th Cir. 2006).

22  The Commissioner concedes the ALJ failed to address the lay witness
23  testimony of Ms. Fisher. (JS at 4.) However, the ALJ's failure to address the
24  testimony of Ms. Fisher is harmless error because no reasonable ALJ would have
25  reached a different disability determination having considered it. Stout, 454 F.3d
26  at 1056; see also Robbins, 466 F.3d at 885.

27  This is because Ms. Fisher's opinions are not inconsistent with the ALJ's
28  RFC findings, which were based on substantial evidence of record. Ms. Fisher

commented on Plaintiff's depression, and the ALJ recognized the severity of Plaintiff's depressive disorder based on objective medical evidence. (AR at 10-12, 254-55.) That same objective medical evidence was used to discredit the intensity, persistence, and limiting effects of Plaintiff's symptoms. (Id. at 12, 210-16, 249-55, 352-56.) Ms. Fisher also stated that Plaintiff responded quite poorly to stress, whereas the consultative psychiatric examiner, on whose report the ALJ relied (id. at 12), noted only a light limitation in the ability to handle work-related stress (id. at 169, 254-55).

Moreover, although Ms. Fisher reported what she saw to be Plaintiff's limitations because of his back pain (i.e., affecting his ability to lift, stand, reach, walk, and climb stairs), medical evidence showed no evidence of tenderness or muscle spasm in Plaintiff's cervical spine, and that he maintained non-painful full range of motion, negative straight leg raising, full motor strength in both upper and lower extremities, and no evidence of atrophy. (Id. at 12-13, 163-70, 210-19, 352-57.)

Based on the foregoing, even though the ALJ erred by failing to consider the testimony of Ms. Fisher, the record reflects medical and other evidence sufficient such that consideration of Ms. Fisher's opinion would not cause a reasonable ALJ to find Plaintiff disabled. Stout, 454 F.3d at 1056; see also Robbins, 466 F.3d at 885. Thus, any error was harmless.

**C.     Consultative Examiner's Opinion.**

Plaintiff contends the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, to implicitly reject certain findings of Bunsri Sophon, M.D., who completed a complete orthopedic evaluation dated April 15, 2008. (JS at 6; AR at 356.) Dr. Sophon reported that Plaintiff "is restricted to sitting, standing, and walking 6 hours out of an eight hour day." (AR at 356.) Plaintiff contends that many jobs that are considered light work may require sitting, standing, and/or walking for more than six hours in an eight hour day yet

1  the ALJ failed to discuss, or even mention, any of these limitations in his decision.
2  (JS at 6.)
3         It is well-established in the Ninth Circuit that a treating physician's opinions
4  are entitled to special weight, because a treating physician is employed to cure and
5  has a greater opportunity to know and observe the patient as an individual.
6  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating
7  physician's opinion is not, however, necessarily conclusive as to either a physical
8  condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747,
9  751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on
10 whether it is supported by sufficient medical data and is consistent with other
11 evidence in the record.  See 20 C.F.R. § 404.1527(d)(2).  If the treating physician's
12 opinion is uncontroverted by another doctor, it may be rejected only for "clear and
13 convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v.
14 Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating physician's opinion
15 is controverted, it may be rejected only if the ALJ makes findings setting forth
16 specific and legitimate reasons that are based on the substantial evidence of record.
17 Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at
18 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  As with a treating
19 physician, the controverted findings of an examining physician may only be
20 rejected by the ALJ for specific and legitimate reasons supported by substantial
21 evidence in the record.  Lester, 81 F.3d at 830-31 (citing Andrews v. Shalala, 53
22 F.3d 1035, 1043 (9th Cir. 1995)).
23        In this case, Dr. Sophon found Plaintiff was restricted to sitting, standing,
24 and walking six hours of an eight hour day, could lift and carry fifty pounds
25 occasionally and twenty-five pounds frequently.  (AR at 356.)  This constitutes the

full range of medium work,[3] as noted by the ALJ. (Id. at 13, 356.)

The ALJ thoroughly discussed Dr. Sophon's opinion in his decision and addressed those findings germane to Plaintiff's RFC. (Id. at 13.) The ALJ actually determined Plaintiff's RFC to be at the less rigorous level of light work. (Id. at 11.) Light work involves lifting no more than twenty pounds occasionally and ten pounds frequently; and, as with medium work, "standing or walking, off and on, for a total of 6 hours of an 8-hour workday." SSR 83-10. As a result, the ALJ's finding of light work mirrored Dr. Sophon's standing/walking assessment as well as the standing/walking requirements necessary for a job to qualify as light work. By definition, therefore, Plaintiff's contention that "many jobs that are considered light work may require an individual like the plaintiff, to sit, stand and/or walk for more than six hours in an eight hour day" (JS at 6), is without support. Thus, the Court finds there was no error.

**D.    RFC.**

Plaintiff contends that the ALJ failed to include the six hour standing limitation discussed above in his RFC finding. (JS at 8.)

For the same reasons discussed in Part III.C above, this claim also fails.

**E.    Treating Clinician's Opinion.**

In an adult intake assessment, Mandy Miller, MSW, indicated Plaintiff had a diagnosis of major depressive disorder, single episode moderate. (AR at 492-502.) She also assessed a Global Assessment of Functioning ("GAF") score of 55. A GAF score between 51 and 60 is indicative of "Moderate symptoms . . . OR moderate difficulty in social, occupational, or school functioning (e.g, few friends,

---

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c). "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday." Social Security Ruling ("SSR") 83-10.

conflicts with peers or co-workers). Diagnostic and Statistical Manual of Mental Disorders-IV-TR 34 (American Psychiatric Ass'n ed., 4th ed. 2000) ("DSM-IV").

Plaintiff contends the ALJ improperly ignored Ms. Miller's diagnosis and the GAF score without explanation. (JS at 10.)

Preliminarily, a social worker is not generally considered to be an acceptable medical source. See 20 C.F.R. § 404.1513(d) (including social worker as an "other" medical source). Because a social worker is not an acceptable medical source, evidence from the social worker is not considered relevant medical evidence. Id. The ALJ may, but is not required to, use evidence from such other sources to show the severity of an impairment. Id.

In this case, the ALJ recognized Plaintiff's depressive disorder as a severe impairment. (AR at 12.) In so doing, he relied on the opinion of the consultative psychiatrist, Dr. Rodriguez, who diagnosed Plaintiff with major depressive disorder prior to Ms. Miller's intake assessment.[4] (Id. at 12, 253, 492.) As a result, Ms. Miller's "assessment" at best was merely cumulative of other medical evidence related to Plaintiff's depressive disorder. (Id. at 253.) The ALJ properly deferred to the opinion of a psychiatrist with respect to this diagnosis. Crane v. Shalala, 76 F.3d 251, 253-54 (9th Cir. 1996) (proper to accept mental health opinion of treating physician over opinion of social worker-therapist who is not a physician). Thus, any error in the failure to discuss this assessment was harmless.

Moreover, GAF scores reflect the "clinician's judgment of the individual's overall level of functioning and include[] psychological, social and occupational functioning" and are not meant to be a conclusive medical assessment of overall functioning, but rather, are only intended to be "useful in planning treatment[,] . . . measuring its impact, and in predicting outcome." DSM-IV 32-34. The Social Security regulations do not require an ALJ to take the GAF score into account in

---

[4] Indeed, as an intake assessment, it is likely Ms. Miller was merely recording prior diagnoses as reported to her by Plaintiff. .

8

determining the extent of an individual's disability; while the score may help the ALJ assess the claimant's disability, it is not essential and the ALJ's failure to rely on the GAF does not constitute an improper application of the law. Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002) (while a GAF score may be of considerable help to the ALJ, it is not essential; the ALJ's failure to reference the GAF score, standing alone, does not make the ALJ's findings inaccurate). Thus, since the ALJ is not required to take the GAF score into account in determining disability or even to mention it, the ALJ's failure to mention Ms. Miller's GAF assessment was not error.

**F.    Hypothetical to the VE.**

Plaintiff contends the hypothetical posed to the VE failed to include the six-hour standing limitation discussed by Dr. Sophon. (JS at 13.) He also contends the ALJ failed to cite any Dictionary of Occupational Title ("DOT") codes for the jobs he found Plaintiff could perform. (Id.) The Court disagrees.

"In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas, 278 F.3d at 956 (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). Hypothetical questions posed to a VE need not include all alleged limitations, but rather only those limitations which the ALJ finds to exist. See, e.g., Magallanes, 881 F.2d at 756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). As a result, an ALJ must propose a hypothetical that is based on medical assumptions, supported by substantial evidence in the record, that reflects the claimant's limitations. Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)); see also Andrews, 53 F.3d at 1043 (although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record).

In this case, the ALJ asked the VE to assume for the hypothetical that Plaintiff could perform work at the light level, with the additional limitations set forth in the ALJ's RFC. (AR at 38.) The VE replied that there would be work available at the light, unskilled level, including garment sorter, bench assembly work, or a mail clerk. (Id.) She also provided the DOT number for each of these positions.

The hypothetical included all of the limitations supported by the record. (See id. at 10-14, 210-19, 253, 352-57, 492). As previously discussed, both light and medium work by definition require standing or walking approximately six hours of an eight hour day, the same limitation suggested by Dr. Sophon. As a result, the hypothetical asking the VE to assume light level of work with additional limitations reflected the limitations found by the ALJ. The jobs available at the light level of work do not conflict with the standing/walking limitation suggested by Dr. Sophon. Thus, there was no error.

## IV.
## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: March 22, 2010

HONORABLE OSWALD PARADA
United States Magistrate Judge